FILED
Clerk
District Court
SEP 04 2024
for the Northern Mariana Islands
By_____ JP _____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| GODFREY MENDIOLA,<br><br>Plaintiff,<br><br>v.<br><br>VINCENT ATTAO, GREGORIO CASTRO, GEORGIA CABRERA, WALLY VILLAGOMEZ, ROBERT GUERRERO, et al., in their personal capacities,<br><br>Defendants. | Case No. 1:21-cv-00028<br><br>**MEMORANDUM DECISION DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTIONS AND SETTING SEPARATE TRIALS** |

Before the Court are Defendants Jose T. Castro and Joaquin[1] C. Sablan's motion to correct misjoinder under Federal Rule of Civil Procedure 21 or alternatively separate trials pursuant to Rule 42(b) (Castro & Sablan's Mot., ECF No. 94); Defendant Georgia Cabrera's notice of joinder in Castro and Sablan's motion requesting correction of misjoinder or alternatively separate trials (Georgia Cabrera's Notice, ECF No. 95); and Defendants Peter Somorang and Benjamin Lizama's motion for separate trials and bifurcation (Somorang & Lizama's Mot., ECF No. 96).

After the hearing on these motions, the Court requested supplemental briefing on Defendants' motions supporting why Defendants' trials should not be grouped according to the Court's Screening Order's grouping of claims (*See* Screening Order 39-40, ECF No. 3). (Mins., ECF No. 108.) Sablan filed a supplemental brief asserting that his trial should be separate from Defendant Mark Fungkugub. (ECF No. 111.) In relevant part, Georgia Cabrera, Castro, Lizama,

---

[1] Joaquin Sablan is referred to as Jack Sablan in the Complaint and Screening Order. (*See* ECF Nos. 2-3.)

Sablan, and Somorang filed a supplemental brief agreeing and stipulating to the Court's grouping in its Screening Order. (ECF No. 112.)

While the motions were pending, the Court dismissed five of the original thirteen Defendants in this action pursuant to stipulations. Defendants Lynnae Cabrera, Jose Pangelinan, Nick Wally, Mark Fungkugub, and Pius Yaroitemal, Jr. filed stipulated and joint motions with *pro se* Plaintiff Godfrey Mendiola to dismiss all causes of action against them. (ECF Nos. 119-23.) The Court issued orders of dismissal against Lynnae Cabrera, Pangelinan, Wally, Fungkugub, and Yaroitemal. (ECF Nos. 124-27, 129.)

At a status conference held on September 4, 2024, the Court ruled on Defendants' pending motions (ECF Nos. 94-96) based on the filings and Defendants' arguments. (Mins., ECF No. 131.) In particular, the Court DENIED Castro and Sablan's motion to correct misjoinder and DENIED Sablan's request for a separate trial from Defendant Fungkugub as MOOT, but GRANTED their motion for separate trials in accordance with the Court's grouping of Defendants based on Mendiola's claims as set forth in its Screening Order.

Accordingly, the Court also DENIED Georgia Cabrera's joinder in Castro and Sablan's motion as to correction for misjoinder but GRANTED the motion as to giving separate trials on the same basis as Castro and Sablan. Furthermore, the Court GRANTED Somorang and Lizama's motion for separate trials in accordance with the Court's grouping in its Screening Order but DENIED their motion for bifurcation of trial on the issues of liability and damages. The Court sets forth its reasoning for its decision as follows.

I.   FACTUAL BACKGROUND

The Court found *pro se* litigant Godfrey Mendiola's claims against thirteen Defendants passed screening. Specifically, the Court found that for the Defendants that are still a party in this action, Mendiola stated two plausible § 1983 claims as follows:

(1) § 1983 of the Civil Rights Act claim for the right to be free from deliberate medical indifference pursuant to the Eighth Amendment to the U.S. Constitution and (2) the right to be free from cruel and unusual punishment pursuant to the Commonwealth Constitution, (3) state law claims prohibiting gross negligence and/or (4) state law prohibiting the intentional infliction of emotional distress for the following specific incidents and Defendants:

    a. As to Defendants Benjamin Lizama, Georgia Cabrera, Eloy Dela Cruz, and Jose T. Castro for denying and delaying Mendiola's treatment for abdominal, back, and chest pain in 2018;

    b. As to Defendant Jose T. Castro for denying and delaying Mendiola's treatment for his spinal condition in 2019 and 2020;

    c. As to Defendants Peter Somorang and Peter Lieto for a pattern of failing to distribute needed medications to Mendiola in 2020;

    d. As to Defendant Vincent Attao for denying and delaying Mendiola's treatment for his mental health needs between 2018 and 2020. (Screening Order 39-40.)

(2) § 1983 claim for failure to protect in contravention of the Eighth Amendment to the U.S. Constitution as to Defendant Joaquin Sablan. (*Id.* at 40.)

    The Court subsequently dismissed the two Commonwealth of the Northern Mariana Islands' ("CNMI") tort claims prohibiting gross negligence and intentional infliction of emotional distress as to Defendants Somorang, Sablan, Lizama, and Castro, but not as to Georgia Cabrera. (Mins. 1-2, ECF No. 50; D&O 11-12, ECF No. 75.) The dismissal was for the state tort claims against all the Defendants that had such claims pending against them and had submitted the Attorney General's certification of scope of employment. (Mins. 2, ECF No. 50.) In this case, there is no certification of employment for Georgia Cabrera.

Finally, Plaintiff Mendiola has not served Defendants Eloy Dela Cruz, (ECF No. 16), Peter Lieto (ECF No. 15), and Vincent Attao (ECF No. 17) with his complaint.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial."

"A court might bifurcate a trial to 'avoid[] a difficult question by first dealing with an easier, dispositive issue,' or to avoid the risk of prejudice." *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 601 (9th Cir. 2016) (first citing *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001); and then citing *Quintanilla v. City of Downey*, 84 F.3d 353, 356 (9th Cir. 1996)).

The Ninth Circuit has stated "it is clear that Rule 42(b) gives courts the authority to separate trials into liability and damages phases." *Id.* (citing *De Anda v. City of Long Beach*, 7 F.3d 1418, 1421 (9th Cir. 1993); 9A Charles A. Wright & Arthur R. Miller, Federal Practice & procedure § 2390 (3d ed. 2016)).

District courts in the Ninth Circuit have stated that "[t]he moving party has the burden to prove that bifurcation is appropriate." *Williams v. City of Long Beach*, No. 2:19-cv-05929-ODW (AFMx), 2020 WL 4429356, at *1 (C.D. Cal. July 31, 2020) (citing *Clark v. I.R.S.*, 772 F. Supp. 2d 1265, 1269 (D. Haw. 2009)).

## III. ANALYSIS

Sablan, Cabrera, Somorang, Castro, and Lizama, agree to trial grouping according to the Court's Screening Order. (Screening Order 39-40; Defs.' Suppl. Brief, ECF No. 112.) However, Sablan moved the Court to have a separate trial from Fungkugub from the case. (ECF No. 111.) Because Fungkugub has been dismissed, Sablan's motion is denied as moot. Separately,

Somorang and Lizama also motioned the Court for bifurcation of liability and damages. (Somorang & Lizama's Mot. 3.) This request for bifurcation is denied.

The Court exercises its discretion to order separate trials in this case in accordance with its Screening Order's grouping of claims and finds that bifurcation of liability and damages is inappropriate in this case.

The remaining causes of action in this case are:

First, a § 1983 of the Civil Rights Act claim for the right to be free from deliberate medical indifference pursuant to the Eighth Amendment to the U.S. Constitution and the right to be free from cruel and unusual punishment pursuant to the Commonwealth Constitution as to Defendants Lizama, Georgia Cabrera, and Castro for denying and delaying Mendiola's treatment for abdominal, back, and chest pain in 2018; Castro for denying and delaying Mendiola's treatment for his spinal condition in 2019 and 2020; and Somorang for a pattern of failing to distribute needed medications to Mendiola in 2020. (*See* Screening Order 39; Mins. 1-2, ECF No. 50; D&O 11-12.)

As to Georgia Cabrera, the two CNMI tort claims prohibiting gross negligence and/or the intentional infliction of emotional distress remain. (*See* Screening Order 39.)

Finally, the cause of action for Sablan for a § 1983 claim for failure to protect in contravention of the Eighth Amendment to the U.S. Constitution remains as well. (Screening Order 39-40.) Defendants Somorang, Lizama, Sablan, Castro, and Georgia Cabrera "agree and jointly stipulate to trial grouping consistent with the Screening Order . . . ." (Defs.' Suppl. Br. 1-2.)

Pursuant to Rule 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."

A single trial on the different claims as grouped above would involve substantially different facts spanning different time periods. For this reason, the Court finds that separating trials by the claims grouped above—consistent with this Court's grouping in its Screening Order—would be most convenient for the parties and the Court, avoid prejudice, and expedite and economize the trials on the issues and allow for the orderly determination of final decisions.

IV.   **CONCLUSION**

For the foregoing reasons, the Court denies Castro and Sablan's motion to correct misjoinder (ECF No. 94), denies Sablan's motion for a separate trial from Fungkugub as moot but grants their motion for separate trials. (ECF Nos. 94, 111.) The Court also denies Georgia Cabrera's (ECF No. 95) joinder in Castro and Sablan's motion to correct for misjoinder but grants her motion as to separate trials. (ECF No. 95.) Finally, the Court grants Somorang and Lizama's motion for separate trials but denies their motion to bifurcate the trial on the issues of liability and damages. (ECF No. 96.) All parties will be grouped by the claim against them as identified herein and outlined in the Court's Screening Order. The groups will proceed to separate trials, and the Court hereby sets the following trial dates and times amending the current scheduling order (ECF No. 66):

1. Defendants Benjamin Lizama, Georgia Cabrera, Jose T. Castro's Jury Trial is set for **March 11, 2025, at 10:00 a.m.**;

2. Defendant Jose T. Castro's Bench Trial is set for **March 4, 2025, at 9:00 a.m.**;

3. Defendant Peter Somorang's Bench Trial is set for **March 18, 2025, at 9:00 a.m.**;

4. Defendant Joaquin Sablan's Jury Trial is set for **March 11, 2025, at 10:00 a.m.**

Finally, the Court gave notice to Mendiola at the status conference that failure to timely serve the complaint on the three Defendants who have not entered an appearance, Vincent Attao, Eloy Dela Cruz, and Peter Lieto, in this action will result in a dismissal of the action as against

those individuals. Pursuant to Federal Rule of Civil Procedure 4(m), the Court orders that service be made within ninety days of this order, which shall be no later than **December 3, 2024**.

IT IS SO ORDERED this 4th day of September 2024.

                                             /s/ Ramona V. Manglona
                                             RAMONA V. MANGLONA
                                             Chief Judge