F I L E D
 Clerk
 District Court
OCT 02 2024
for the Northern Mariana Islands
By_____JP_____
         (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| GODFREY MENDIOLA,<br><br>            Plaintiff,<br>     v.<br><br>VINCENT ATTAO, GREGORIO CASTRO, GEORGIA CABRERA, WALLY VILLAGOMEZ, ROBERT GUERRERO, et al., in their personal capacities,<br><br>            Defendants. | Case No. 1:21-cv-00028<br><br>DECISION AND ORDER GRANTING DEFENDANT GEORGIA CABRERA'S MOTION TO DISMISS AS TO THE CNMI TORT CAUSES OF ACTION |

On September 10, 2024, Defendant Georgia Cabrera ("Cabrera") filed her motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), (h)(3). (Mot., ECF No. 133.) In support of her motion, Cabrera filed a memorandum in support (ECF No. 133-1) and a certification of scope of employment (ECF No. 133-2). Cabrera "seeks to dismiss the [Commonwealth of the Northern Mariana Islands 'CNMI'] law claims prohibiting gross negligence and prohibiting the intentional infliction of emotional distress," which are the Third and Fourth causes of action in this Court's screening order ("Screening Order," ECF No. 3) of *pro se* Plaintiff Godfrey Mendiola's complaint (ECF No. 2). (Mem. in Supp. 2, ECF No. 133-1.) On September 26, 2024, Cabrera filed a request for the Court to take her motion on the brief. (ECF No. 135.) For the reasons discussed below, the Court GRANTS the motion to take the matter on the briefs, and hereby GRANTS Georgia Cabrera's motion to dismiss the two CNMI tort causes of action against her.

**I.     BACKGROUND**

On March 31, 2023, the Court issued its screening order in this matter finding that several

of Mendiola's claims passed screening and Mendiola's complaint should be served on numerous Defendants, including Cabrera. (Screening Order 39-40.) Most Defendants, including Cabrera, were served a copy of the summons, complaint, and screening order.

Cabrera filed her answer to Mendiola's complaint on June 26, 2023. (ECF No. 38.) Now, Cabrera moves the Court to dismiss the two tort claims against her for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), (h)(3). (Mem. in Supp. 1.) In effect, Georgia Cabrera requests that the CNMI be substituted in for the Third and Fourth causes of action in the Court's screening order, and thereafter dismiss those causes of action for lack of subject matter jurisdiction. (*Id.* at 3.) Cabrera attached to her motion CNMI Attorney General Edward E. Manibusan's certification of scope of employment. (Certification of Scope of Employment 1.) The certification of scope of employment "certifies that Defendant Georgia Cabrera was acting within the scope of her employment at the time of the incidents out of which Plaintiff Godfrey Mendiola's claims arose." (*Id.*)[1] Mendiola has not filed any objections or replies.

## II.   LEGAL STANDARD

The CNMI's Government Liability Act of 1983 ("GLA"), as amended, *see* 7 CMC §§ 2201-2210, protects Commonwealth government employees from the expense of defending lawsuits for conduct performed while acting within the scope of their employment. *See Norita v. Commonwealth*, No. 18-cv-00022, 2019 WL 150875, at *2 (D. N. Mar. I. Jan. 10, 2019) (citing *Kabir v. Commonwealth Pub. Sch. Sys.*, 2009 MP 19 ¶ 25). The GLA authorizes the CNMI Attorney General to certify that an employee was acting within the scope of employment, after which the Commonwealth government is substituted in for the employee in the lawsuit. *Id.*  However,  "the

---

[1] In the certification of scope of employment, "the Commonwealth notices the Court that it shall be substituted for Georgia Cabrera as the party defendant in the above-captioned matter as to the Fourth (Gross Negligence) and Fifth (Intentional Infliction of Emotional Distress) causes of action." (Certification of Scope of Employment 1.) However, these stated causes of action are the Third and Fourth causes of action that the Court identified in its Screening Order. (*See* Screening Order 39.) Therefore, the Court construes the certification of scope of employment as noticing substitution for the Third and Fourth causes of action.

Attorney General's certification is judicially reviewable and may be disproved by a preponderance of the evidence." *Id*. at *3 (citing *Kabir*, 2009 MP at ¶ 29). It is a threshold issue, reviewable by this Court. *See id*.

Once substituted, the Court must dismiss the CNMI law claim against the Commonwealth based on sovereign immunity for lack of subject matter jurisdiction. *See* 7 CMC § 2251; Federal Rules of Civil Procedure 12(b)(1); *Ramsey v. Muna*, 849 F.3d 858, 861 (9th Cir. 2017) ("Section 2251 indicates precisely the opposite—that the Commonwealth is willing to be sued in certain circumstances, but *not* in federal court."). If dismissed, the plaintiff must refile in the Commonwealth Superior Court. *Norita*, 2019 WL 150875, at *3.

### III. DISCUSSION

First, the Court addresses the procedural motion to take the matter on the briefs. The motion to dismiss was served on Mendiola via the Court's electronic case management system on the same day the motion was filed as shown by the Notice of Electronic Filing. Therefore, pursuant to LR 7.1(c)(2), Mendiola's opposition was due no later than fourteen days after the motion was served. To date, Mendiola has not filed any response. For this reason, the matter is taken on the briefs. *See also* LR 7.1(a)(2) ("Oral argument is at the discretion of the Court . . . .").

As to the substantive motion to dismiss, Mendiola has failed to challenge either the certification of scope of employment or Georgia Cabrera's motion for dismissal of the CNMI tort law causes of action. Pursuant to Local Rule 7.1(c)(2), the Court deems such a failure as an admission that the motion is meritorious. Additionally, the Court finds Georgia Cabrera was acting within the scope of her employment consistent with the certification of scope of employment as to the Third and Fourth causes of action. For these reasons, the CNMI is substituted for Georgia Cabrera as to the gross negligence and intentional infliction of emotional distress claims. Because the CNMI is immune from suit for state law claims in federal court, the Court dismisses the Third

and Fourth causes of action for lack of subject matter jurisdiction. *See* 7 CMC § 2251; Federal Rules of Civil Procedure 12(b)(1). This dismissal leaves Mendiola with two causes of action for two separate claims against Georgia Cabrera personally: First, a § 1983 deliberate medical indifference cause of action for delaying Mendiola's treatment for abdominal, back, and chest pain in 2018, and second, a CNMI constitutional cause of action for the same.

### IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Cabrera's request to take the motion on the brief, and hereby grants her motion to dismiss the CNMI tort causes of action against her (ECF No. 133). The hearing set for October 17, 2024, at 10:30 a.m. is hereby vacated.

IT IS SO ORDERED this 2nd day of October 2024.

RAMONA V. MANGLONA
Chief Judge